UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

ROBERT EDWARD BROCK, JR.,

    Plaintiff,

v.                                           3:06-cv-418

SEVIER COUNTY COURTHOUSE, et al.,

    Defendants.

## MEMORANDUM AND ORDER

This *pro se* prisoner's civil rights complaint pursuant to 42 U.S.C. § 1983 was dismissed without prejudice based upon plaintiff's failure, at the time the complaint was filed, to demonstrate exhaustion of available administrative remedies. The matter is before the court on plaintiff's motion to reconsider. Under the circumstances, the motion to reconsider [Court File No. 6] is **GRANTED** to the extent plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted.

The court's previous order of dismissal was premised upon Sixth Circuit precedent, existing at the time the complaint was filed, requiring prisoner plaintiffs to plead and demonstrate exhaustion of administrative remedies, upon filing their complaint, with respect to all defendants and all claims; under then-existing Sixth Circuit precedent, any complaint containing exhausted and unexhausted claims was to be dismissed in its entirety. *See, e.g.,*

*Knuckles El v. Toombs*, 215 F.3d 640, 642 (2000); *Curry v. Scott*, 249 F.3d 493, 501 n.2 (6th Cir. 2001); *Jones Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005), respectively.

On January 22, 2007, the U.S. Supreme Court issued its ruling in *Jones v. Bock*, ___ S. Ct. ___, 2007 WL 135890 (2007), and reversed the aforementioned Sixth Circuit precedent. The Supreme Court first held "that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." 2007 WL 135890 at *11. The Court next held "that exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances." *Id*. at *12. Lastly, the Court held that where a complaint contains both exhausted and unexhausted claims, the district court should proceed with the exhausted claims while dismissing the unexhausted claims, rather than dismissing the complaint in its entirety. *Id*. at *13-15. Based upon the Supreme Court's ruling in *Jones*, the plaintiff's complaint should not have been dismissed for failure to demonstrate exhaustion of administrative remedies. The complaint, however, is subject to dismissal for failure to state a claim upon which relief may be granted.

Plaintiff alleges he was denied medical treatment during his confinement in the Sevier County Jail. As defendants, plaintiff has named the Sevier County Courthouse, the Sevier County Jail, the Sevier County Jail Medical Staff, and Officer Tim Russell.

The Sevier County Courthouse and the Sevier County Jail are not suable entities within the meaning of 42 U.S.C. § 1983. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (a police department is not an entity which can be sued under § 1983); *see also*

*De La Garza v. Kandiyohi County Jail*, 18 Fed.Appx. 436, 437 (8th Cir. 2001) (neither a county jail nor a sheriff's department is a suable entity); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("[s]heriff's departments and police departments are not usually considered legal entities subject to suit").

According to the complaint, Officer Tim Russell was the arresting officer. Plaintiff does not allege that Officer Russell played any part in the denial of medical care at the jail. Plaintiff also named the Sevier County Jail Medical Staff as a defendant; plaintiff cannot, however, simply name a medical staff as a defendant but rather must name individual persons as defendants.

Based upon the foregoing, plaintiff has failed to name a proper defendant in this action. Pursuant to the Prison Litigation Reform Act, courts no longer have discretion to allow a plaintiff to amend his or her complaint to avoid dismissal. *See McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997). Therefore, this action is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted under § 1983. The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**E N T E R:**

s/ Thomas W. Phillips
United States District Judge